Jane Strayer Hess and Lawrence Eugene Hess, Jr., Appellants v. Montgomery County Board of Assessment Appeals, Appellee.

Argued April 5, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and MACPHAIL.

*Lawrence Eugene Hess, Jr.,* for appellants.

*Bruce J. Eckel,* Assistant County Solicitor, with him *David M. McGlaughlin,* Assistant County Solicitor, and *Frederic M. Wentz,* County Solicitor, for appellees.

OPINION BY JUDGE MACPHAIL, June 13, 1983:

Appellants[1] have brought this appeal from an order of the Court of Common Pleas of Montgomery County which rejected their constitutional challenge[2] to the provisions of the Pennsylvania Farmland and Forest Land Assessment Act of 1974 (Act)[3] which place a ten acre minimum area requirement on the availability of preferential tax treatment for "forest reserves".[4]

Appellants own property located in Upper Dublin Township which includes six acres of forest land. Appellants applied for a preferential property tax assessment for their forest land pursuant to the provisions of the Act which prescribe procedures for obtaining preferential tax assessments for land devoted

---

[1] Jane Strayer Hess and Lawrence Eugene Hess, Jr.

[2] Although the Attorney General has not participated in this appeal, the record demonstrated that notice of the constitutional challenge was properly afforded to the Attorney General pursuant to Pa. R.C.P. No. 235(a).

[3] Act of December 19, 1974, P.L. 973, *as amended,* 72 P.S. §§55490.1—5490.13.

[4] This is the second time Appellants have presented this challenge to our Court. In the prior appeal we affirmed a court of common pleas order striking the appeal for failure to comply with local rules of civil procedure. *Hess v. Montgomery County Board of Assessment Appeals,* 42 Pa. Commonwealth Ct. 292, 400 A.2d 1337 (1979).

to agricultural use, agricultural reserve use and forest reserve use.[5]  As will be seen, the Act constitutes the implementing legislation for the authority granted to the General Assembly by Article 8, Section 2(b)(i) of the Pennsylvania Constitution, Pa. Const. art. VIII, §2(b)(i).

"Forest reserves" are defined by the Act as follows:

> Land, ten acres or more, stocked by forest trees of any size and capable of producing timber or other wood products.

Section 2 of the Act, 72 P.S. §5490.2. Appellants' application for a preferential assessment was denied by the Board of Assessment Appeals because the subject property consists of less than ten contiguous acres of land. On appeal to the common pleas court, Appellants' sole argument was that the ten acre minimum area limitation for preferential tax assessments violates the uniformity clause of the Pennsylvania Constitution, Pa. Const. art. VIII, §1. The court concluded that preferential tax assessments for forest reserves are specifically allowed by Article 8, Section 2(b)(i) of the Pennsylvania Constitution, and that the ten acre qualification for forest reserves is a reasonable prerequisite for preferential tax relief. The instant appeal followed.

Appellants have renewed their argument before this Court that the uniformity clause is violated by the Act's requirement that a property must consist of ten or more acres of what Appellants term "forest land"

---

[5] Under the Act, qualifying land must be valued, for taxation purposes, not at its fair market value, but at its present use value. Section 3 of the Act, 72 P.S. §5490.3. This valuation mechanism permits qualifying land located in an area subject to development pressure to be assessed at its present *use* value and thus presents an incentive to preserve such land in its current state. *See* 7 Pa. Code §137.5.

in order to qualify for a preferential assessment as a "forest reserve". The Appellants, of course, bear a heavy burden of proof in challenging the constitutionality of the Act. *Amidon v. Kane,* 444 Pa. 38, 279 A.2d 53 (1971).

The requirement of uniform taxation is set forth in Article VIII, Section 1 of the Pennsylvania Constitution, as follows:

> All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

Article VIII, Section 2(b)(i) of the Constitution,[6] however, now grants to the General Assembly the power to:

> *Establish standards and qualifications for private forest reserves,* agriculture reserves, and land actively devoted to agricultural use, *and make special provision for the taxation thereof....* (Emphasis added.)

Appellants contend that although Section 2(b)(i) does authorize special tax treatment for forest reserves, the uniformity clause remains applicable and requires that all forest *land* be treated alike without regard to acreage. This case presents a matter of first impression.

The uniformity clause has long been construed to require that real estate, as a subject for taxation, be treated as a single class entitled to uniform treatment.

---

[6] Authority for special tax treatment of forest reserves was first added to the Pennsylvania Constitution on November 4, 1958. The provision, which was originally made a part of Section 1 of Article IX of the Constitution of 1874 was rewritten and renumbered as Article VIII, Section 2(b)(i) in 1968. Section 2(b)(i) was subsequently amended on May 15, 1973 to allow special tax provision for agriculture reserves and land actively devoted to agricultural use.

*Madway v. Board for the Assessment and Revision of Taxes,* 427 Pa. 138, 233 A.2d 273 (1967) ; *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965). In fact, prior to the 1958 addition of Section 2(b)(i) to the Pennsylvania Constitution, our Supreme Court found unconstitutional a statute which attempted to establish a separate class of land comprised of "forest reserves" in order to allow a partial tax exemption for such real estate. *Clearfield Bituminous Coal Corp. v. Thomas,* 336 Pa. 572, 9 A.2d 727 (1939). The Supreme Court concluded that the differential treatment of forest reserves was "odious to the constitutional principles of equality and uniformity." *Id.* at 579, 9 A.2d at 730.

As a result of the adoption of Section 2(b)(i) of Article VIII, however, we think it is clear that the General Assembly is now empowered to treat "forest reserves", "agriculture reserves" and "land actively devoted to agricultural use" as separate classes of real estate entitled to special provision for taxation which are not subject to the uniformity clause requirement that all real estate be treated as a single class for taxation purposes.

As we have noted, Appellants concede, as they must, that the Constitution permits the General Assembly to grant special tax relief to forest reserves. The issue which we think, therefore, reaches the essence of Appellants' challenge is the issue of what constitutes a "forest reserve". Appellants apparently equate the terms "forest reserve" and "forest land" and contend that the uniformity clause requires that all forest *land* be treated equally. Appellants, accordingly, conclude that the Act's requirement that forest reserves consist of ten acres violates the constitutional mandate of uniformity. We must reject Appellants' argument, however, for the simple reason that the Constitution does not itself define the term

"forest reserve" and clearly does not require that all forest *land* be considered forest *reserve* land, without regard to size. The Constitution, instead, authorizes the General Assembly to "establish *standards and qualifications* for private forest reserves". (Emphasis added.) As we have seen, the General Assembly has exercised its constitutional power to establish standards and qualifications for "forest reserves" and in so doing has included a minimum size limitation of ten acres. In view of the General Assembly's clear constitutional power to define what constitutes a forest reserve for special tax treatment, we cannot accept Appellants' argument that the definition adopted is invalid or that the uniformity clause mandates a different definition.

We conclude that Appellants have failed to meet their heavy burden of demonstrating that the Act clearly and plainly violates the Constitution and will, accordingly, affirm the order of the court of common pleas.

ORDER

The order of the Court of Common Pleas of Montgomery County, No. 79-14568, dated February 26, 1982, is hereby affirmed.