568 A.2d 721

**Ronald D. McLOUGHLIN, Appellant,**

**v.**

**BRADFORD COUNTY BOARD OF ASSESSMENT, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided Dec. 29, 1989.

Fred N. Smith, Towanda, for appellant.

Jonathan P. Foster, Riffle, Foster & Hartley, Athens, for appellee.

Before DOYLE and BARRY, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

Ronald D. McLoughlin appeals an order of the Court of Common Pleas of Bradford County which dismissed his appeal from an order of the Bradford County Board of Assessment (the Board) revoking a preferential assessment previously granted for certain lands pursuant to the Pennsylvania Farmland and Forest Land Assessment Act of 1974 (the Act), Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §§ 5490.1—5490.13 (Supp.1989–90).

The parties stipulated to the following facts. McLoughlin owns 229.2 acres in Ulster Township. An area consisting of less than two acres houses a stable and arena building and is used for horseback riding instruction; the rest of the 229.2 acres constitute an "agricultural use" as defined in Section 2 of the Act. In 1983, McLoughlin applied for a preferential assessment which was granted as to the land

used for agricultural purposes; the tract used for riding instruction was and has continually been assessed at fair market value rather than on a preferential basis. In December of 1987, the Board notified McLoughlin by letter that, because of the use of the two acre tract for a riding school, it was revoking the preferential assessment and planning to assess the entire tract at fair market value. A hearing was held before the Board which affirmed its prior decision to revoke the preferential assessment. McLoughlin then took a timely appeal to the court of common pleas. Based on a stipulation of facts, the court affirmed the Board's order and dismissed McLoughlin's appeal. This appeal followed.

In 1973, the voters of this Commonwealth amended the Pennsylvania Constitution, giving the Legislature the power to "[e]stablish standards and qualifications for private forest reserves, agricultural reserves, and land actively devoted to agricultural use, and make special provision for the taxation thereof...." Pa. Const. Art. 8, § 2(b)(i). Following the adoption of this constitutional provision, the Legislature enacted the Act in 1974. This Court has recognized the purpose behind the Act.

> Under the Act, qualifying land must be valued, for taxation purposes, not at its fair market value, but at its present use value.... This valuation mechanism permits the qualifying land located in an area subject to developmental pressure to be assessed at its present *use* value and thus presents an incentive to preserve such land in its current state (emphasis in original).

*Hess v. Montgomery County Board of Assessment Appeals*, 75 Pa. Commonwealth Ct. 69, 71 n. 5, 461 A.2d 333, 334 (1983) (citations omitted).

Section 3 of the Act establishes the qualifications for the preferential assessment and provides:

> (a) For general property tax purposes, the value of land which is presently devoted to agricultural use, agricultural reserve, and/or forest reserve shall on application of the owner and approval thereof and hereinafter

provided shall be *that value which such land has for its particular use* if it also meets the following conditions:

(1) Land presently devoted to agricultural use: Such land was devoted to agricultural use the preceding three years and is not less than ten contiguous acres in area or has an anticipated yearly gross income of two thousand dollars ($2,000).

(2) Land presently devoted to agricultural reserve: Such land is not less than ten contiguous acres in area.

(3) Land presently devoted to forest reserve: Such land is not less than ten contiguous acres in area.

(4) The contiguous tract of land for which application is made is not less than the entire contiguous area used by the owner for agricultural or forest reserved purposes.

72 P.S. § 5490.3(a) (emphasis added).

Both the Board and the trial court believe that McLoughlin's preferential assessment was erroneously granted at the time of his application for the same. This belief is based upon the assumption that two acres used for riding instruction disqualified the entire tract from any benefit pursuant to the Act. For the following reasons, we believe that McLoughlin is entitled to the preferential assessment; accordingly, we will reverse the order of the trial court.

■ Our review of the entire Act and the regulations thereunder, 7 Pa.Code §§ 137.1—137.68, has discovered nothing which compels the conclusion that use of less than two acres for riding instruction disqualifies the remaining some 227 acres, all of which is inarguably used as an "agricultural use", from the Act's preferential assessment. The trial court in its opinion does not give a basis for its decision, other than stating that the riding stable is not an agricultural use and relying upon the doctrine that tax exemptions must be strictly construed against the taxpayer. 1 Pa. C.S. § 1928(b). The trial court does not detail, however, what portion of the Act, when construed strictly, compels its conclusion. The Board relies upon 72 P.S. § 5490.3(a)(4), again which states, that "[t]he contiguous

tract of land for which application is made is not less than the entire contiguous area used by the owner for agricultural ... reserved purposes."

We note initially that McLoughlin here was using over 227 acres of the 229 acre tract for an agricultural use. He did not apply for a preferential assessment for less than the 227 acres so used, so in that regard we do not see how that section applies to this situation. Even if admitting that the section is less than clear, looking to the regulations promulgated shows that the view of both the Board and the trial court is in error.

Section 11 of the Act provides, "The Secretary of the Department of Agriculture shall promulgate rules and regulations to promote the efficient, *uniform, Statewide administration* of the Act." 72 P.S. § 5490.11 (emphasis added). In response to this legislative mandate, the Secretary of the Department of Agriculture promulgated regulations, a portion of which dealt with the application which was to be filed. 7 Pa.Code § 137.23. Those applications appear as appendices to chapter 137 of Title 7 of the Pennsylvania Code. All landowners applying for the preferential assessment, regardless of the use of the land, must file Pa. Dept. of Agriculture Form AAO–82, which is part 1 of the application. IF the preferential assessment is based upon an agricultural use, part 2–A (Form AAO–83) must be completed. If based upon an agricultural reserve, part 2–B (Form AAO–84) applies and, if based upon a forest reserve, part 2–C must be completed. While there are minor differences based upon the specific use, all three forms in part B of the application are identical for purposes of our analysis. Because we are dealing with an agricultural use, we will review Form AAO–83 and its instructions which are reproduced here.

Pennsylvania Department of Agriculture
Form No. AAO-83 June, 1976

**AGRICULTURAL USE VALUATION**

| ASSESSORS OFFICE ONLY |
| --- |
| District _____ |
| Map _____ |
| Parcel _____ |

Part 2 - A

Worksheet

This sheet must be completed prior to approval of the application for land to be assessed in the Agricultural Category.

Has the land represented on this worksheet been actively devoted to agricultural use for the past three years?

Yes ☐      No ☐

For any land you rent from others which might be eligible for use-value assessment but for which the owner has not applied for use-value assessment, give acreage in each category.

Titled Land _____    Residue Land _____
Forest Land _____    Building Sites _____
Pasture _____        Don't Know _____

| Soil | Acres of Titled Land | Rate Per Acre | Use-Value | Acres of Pasture | Rate Per Acre | Use-Value |
| --- | --- | --- | --- | --- | --- | --- |
| I | | $ | | | $ | |
| II | | | | | | |
| III | | | | | | |
| IV | | | | | | |
| Other | | | | | | |
| Total | | | | | | |

Total Use-Value of Qualifying Land................$_____
Assessment Ratio...................................._____%
(1) Preferential Assessment                    $_____
Fair Market Value of Farm House and Buildings......$_____
Ineligible Land....................................._____Acre
Fair Market Value of Ineligible Land...............$_____
Total Fair Market Value of Farm House and
           Buildings and Ineligible Land...........$_____
Assessment Ratio...................................._____%
(2) Normal Assessment                          $_____
Total (line 2 and Line 2) Assessment           $_____

Pennsylvania Department of Agriculture
Form No. AAO–88 June, 1976

## APPLICATION PART 2A WORKSHEET AAO–83
## AGRICULTURAL–USE VALUATION

Form AAO–83 is to be completed by the assessor and the land owner. The assessor, when determining the value of land in agricultural use, shall, in arriving at the value of such land for its particular use, consider available evidence of the soils capability for its particular use and evidence of the capability of land devoted to such use.

Evidence of the land being devoted to agricultural use for the past three (3) years must also be included with this application.

*Soil Class:* This classification is one of a number of interpretive soils groupings used by the assessor for agricultural purposes.

*Tilled Land:* All cropland, whether harvested or fallow.

*Pasture:* Land used for the production of grasses and other forage crops but which is not used for the raising of crops.

*Residue Land:* All other eligible land not including land in building sites, or surfaced areas.

*Rate Per Acre:* The per acre dollar value that the county assessor has derived.

*Use–Value:* The per-acre value of land in a particular capability class multiplied by the number of acres in that capability class.

*Total Use–Value of Qualifying Land:* The sum of the use-value for each of the eligible land use classes; tillable land, pasture, and residue land.

*Assessment Ratio:* The ratio established by the local taxing body that determines on what portion of the assessed value the millage rate is to be levied, as prescribed by assessment law.

*Preferential Assessment:* Total use-value of qualifying land multiplied by the assessment ratio.

*Fair Market Value of Farm House and Buildings:* From assessor's property record card.

*Ineligible Land:* Land which is not used for any of the three eligible uses and therefore cannot receive use-value assessment, but which is part of the contiguous tract, under the same ownership.

*Fair Market Value of Ineligible Land:* Assessment of this land is to be established according to the usual assessment practices of the county.

*Total Fair Market Value of Buildings and Land:* Sum of Fair Market Value of Farm House and Buildings and the Fair Market Value of Ineligible Land.

*Normal Assessment:* Total Fair Market Value of Buildings and Land multiplied by the assessment ratio.

*Total Assessment:* The sum of preferential assessment (from line 1) and normal assessment (from line 2). Local assessment ratios have been taken into account, therefore, Total Assessments is the value to be taxed at the appropriate millage rate.

If a conservation plan or other soils information is available to you, please attach a copy to this application.

This completes the instructions for Part 2–A Agricultural–Use Valuation.

Before proceeding further, 72 Pa.Code § 137.26 states that "[y]ou must include all of your land as described in the deed in your application. All contiguous lands must be enrolled in the program." When looking at bottom of the worksheet portion of Form AAO–83, one notices that the total assessment can consist of two factors, the first being the preferential assessment, based upon each county's assessment ratio for such use. The second part of that equation concerns land normally assessed at fair market value. Part of the land assessed at fair market value is "ineligible land", defined in the instruction to the form as "[l]and which is not used for any of the three eligible uses and therefore cannot receive use-value assessment, but

which is part of the contiguous tract, under the same ownership."

By drafting the application in this fashion, it seems obvious to us that the Department of Agriculture did not interpret the Act as intending that the *entire contiguous* tract must be devoted to one of the three qualifying uses. If that were the Department's interpretation, the instructions would tell the landowner that the presence of ineligible land precludes preferential assessment for any portion of the tract. Suffice it to say that it does not.

■ We have oft referred to the principle that "the construction of a statute by those charged with its execution and application is entitled to great weight and should not be disregarded or overturned except for cogent reasons, and unless it is clear that such construction is erroneous." *Lafayette College v. Commonwealth Department of Labor and Industry,* 118 Pa. Commonwealth Ct. 11, 19–20, 546 A.2d 126, 130 (1988). We recognize that the Department of Agriculture is not charged with execution of the Act, that function being given to the county assessors. 72 P.S. § 5490.5. The Department was, however, given a legislative mandate to promulgate rules and regulations promoting the efficient and uniform statewide administration of the Act, so that its interpretation of the statute is entitled to the deference mandated by *Lafayette College.* We cannot say the obvious construction is clearly erroneous. Further, while exemptions from taxation must be construed strictly, a strict construction does not mandate the interpretation proposed by the Board.

Section 3(a)(4) of the Act clearly prohibits a landowner from splitting a portion of the tract which had been used for a qualifying use *prior* to making application for a preferential assessment but that did not occur here as McLoughlin applied for a preferential assessment for the entire 227 acres devoted to agricultural use before and after the preferential assessment was sought and obtained. There being nothing in the Act which requires us to hold that the existence of the riding stable disqualifies the 227

acre tract which constitutes an agricultural use, we are constrained to reverse the trial court.

### ORDER

NOW, December 29, 1989, the order of the Court of Common Pleas of Bradford County, dated December 6, 1988, at No. 88IRO00205, is reversed and the preferential assessment is reinstated.