**Robert L. BAECHTOLD and Thelma H. Baechtold, Appellants,**

v.

**MONROE COUNTY BOARD OF ASSESSMENT APPEALS and Monroe County.**

Commonwealth Court of Pennsylvania.

Argued April 10, 2002.

Decided Aug. 6, 2002.

---

Robert L. Baechtold, Appellant, Pro Se.

Mark S. Love, Tannersville, for Appellee.

Before SMITH–RIBNER, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Robert L. Baechtold and Thelma H. Baechtold (Appellants) appeal from an order of the Court of Common Pleas of Monroe County that denied Appellants' appeal from a decision of the Monroe County Board of Assessment Appeals (Board). The questions presented by Appellants for the Court's review are whether the State Tax Equalization Board (STEB) procedures set forth in Section 16.1 of the Act of June 27, 1947, P.L. 1046,[1] 72 P.S. § 4656.16a (hereinafter STEB Act), are the exclusive means for a property owner to challenge a tax assessment on uniformity grounds and whether lack of uniformity may be established by evidence that shows a disparity between the assessment for the taxpayer's property and the assessment of other properties in the neighborhood.

■ This appeal involves a uniformity challenge to the 2001 tax assessment of Appellants' residential premises (Property) situated in the Lake Naomi Development of Tobyhanna Township in Monroe County (County). Such uniformity challenges are based upon the guarantee of Article 8,

---

1. Added by Section 3 of the Act of December   13, 1982, P.L. 1158.

Section 1 of the Pennsylvania Constitution that: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." To comply with this constitutional guarantee, two factors are used to assess property for taxation: (1) the fair market value of the property and (2) a ratio or percentage that is applied to the fair market value to yield the assessed value. *Hromisin v. Board of Assessment Appeals of Luzerne County*, 719 A.2d 815 (Pa.Cmwlth.1998).

Appellants and the County agree that the fair market value of the Property is $430,502. Therefore, the only issue in dispute is the second factor. The County applied a 25 percent ratio to the fair market value of the property yielding an assessed value of $107,630. This ratio was predetermined and is within the range established by the STEB, which is statutorily required to establish common level ratios for each county.[2] Appellants contend that applying a 25 percent ratio to the Property results in an assessed value that is disparately high in comparison with their neighbors. The Board denied Appellants' appeal from the County's assessment, and Appellants appealed to the trial court. Before the trial court, the County presented the assessment card for the Property, four photographs of the Property, a copy of the County's tax map with the Property indicated, a copy of the Board's decision, a statement of the 1999 common level ratio and the 2000 tentative common level ratio established by the STEB. The County also asserted that its predetermined ratio of assessed value to fair market value is 25 percent. The County established its prima facie case without challenge from Appellants.

In opening, Appellants stated that they did not challenge the fair market value as established by Thomas Hill, the County's chief tax assessor. Appellants explained that their challenge was strictly based on the constitutional requirement of uniformity, and they presented their case through examination of Hill. In preparation for the case, Hill had developed a table of Lake Naomi development properties comparable to the Property that had been sold recently in arms' length transactions. By adding stipulated data of assessments to Hill's table of comparable properties, Appellants sought to demonstrate that their assessment of $107,630 was 1.5 to 2 times greater than the assessed values of the properties that Hill had chosen as comparable.[3] Appellants relied upon *In re*

**2.** Section 16.1 of the STEB Act provides:

(a) The State Tax Equalization Board shall, annually, prior to July 1, establish for each county a common level ratio for the prior calendar year.

(b) In arriving at such ratio, the board shall use statistically acceptable techniques, including sales ratio studies. The board's method in arriving at the ratio shall be made available to the public. The ratio shall be certified to the chief assessor of each county and it shall be admissible as evidence in any appeal involving real property tax assessments.

(c) Any political subdivision or taxpayer aggrieved by any finding, conclusion or any method or technique of the board made pursuant to this section may, in writing, state objections thereto and may appeal de novo such ratio determination to the Commonwealth Court. After receiving any objections, the board may grant a hearing and may modify or adjust its findings and computations as it shall appear proper.

**3.** The following sales prices and assessed values were provided:

| Sale Date | Sale Price | Assessed |
| --- | --- | --- |
| July 9, 1992 | $398,000 | $37,780 |
| September 2, 1997 | $440,000 | $24,120 |
| April 14, 1998 | $315,000 | $49,200 |
| July 31, 1998 | $515,000 | $28,940 |
| August 27, 1999 | $515,000 | $58,120 |
| October 15, 1999 | $320,000 | $49,690 |
| January 1, 2000 | $465,000 | $42,380 |
| March 3, 2000 | $530,000 | $41,990 |

*Brooks Building*, 391 Pa. 94, 137 A.2d 273 (1958), and *Deitch Company v. Board of Property Assessment*, 417 Pa. 213, 209 A.2d 397 (1965), to argue that the assessment was unconstitutionally disparate from the assessments of neighborhood properties.

Although commenting that Appellants had presented a thorough statistical analysis, the trial court found their case flawed because they relied exclusively on information gathered from the Lake Naomi development and not from the entire County. The court noted that *Brooks Building* and *Deitch Co.* were decided before the General Assembly assigned to STEB the statutory duty to establish a common level ratio for each county. The court relied upon *Hromisin* to conclude that a uniformity challenge may no longer be premised on data obtained from only a neighborhood rather than the entire county. The court also noted that Appellants had failed to avail themselves of their right to appeal the decision of the STEB that set the common level ratio for the County. Because there was no dispute as to the fair market value of the Property and because the County's assessment of the property was within the range permitted by the STEB, the court concluded that Appellant's uniformity challenge was without merit.

Considerable case history surrounds the issue of using evidence of the assessed values of neighborhood properties to establish a uniformity challenge. In 1958, the Supreme Court held in *Brooks Building* that a taxpayer may prove lack of uniformity by "evidence of the market value of his property and of similar properties of the same nature in the neighborhood and by proving the assessments of each of those properties and the ratio of assessed value to actual or market value." *Id.*, 391 Pa. at 101, 137 A.2d at 276. The Supreme

Court rejected the taxing authority's argument that the taxpayer should be required to prove that a uniform ratio of assessed value to actual value has been applied generally throughout the entire district. Quoting *In re Harleigh Realty Company*, 299 Pa. 385, 149 A. 653 (1930), the Supreme Court explained that requiring a taxpayer to produce testimony of the value of other properties throughout the district would be so burdensome and expensive as to amount to a denial of justice.

Seven years later in *Deitch Co.*, the Supreme Court clarified that the controlling inquiry in a uniformity challenge is the common level ratio applied in the entire taxing district. The court cited *In re Rick*, 402 Pa. 209, 167 A.2d 261 (1961) (per curiam), as having "made it clear that a taxpayer is not entitled to the lowest ratio of assessed value to market value to which he could point in the taxing district if such lowest ratio does not reflect the common assessment level which prevails in the district as a whole." *Deitch Co.*, 417 Pa. at 219, 209 A.2d at 401. The court held that where the evidence establishes that assessors have applied a fixed ratio of assessed to market value throughout the taxing district, that ratio is the common level ratio. Where no fixed ratio has been uniformly applied and the ratios vary widely, then the average of such ratios across the taxing district is the common level ratio. Any relevant evidence may be relied upon to establish the ratio in a particular taxing district. The method illustrated in *Brooks Building* was only one manner in which a taxpayer might prove lack of uniformity.

In 1982 the General Assembly created a statutory mechanism for determining the common level ratio for each taxing district. The STEB calculates an average common level ratio for each taxing district based upon data from all arms' length sales in

the district. The Court provided in *Hromisin:*

[I]n 1982 our legislature amended the [various acts relating to property assessment], and in so doing established a mechanism which both enforces this minimum constitutional level of uniformity, and obviates the necessity for taxpayers to resort to expensive expert analyses in order to maintain a uniformity challenge. The General County Assessment Law now defines the common level ratio, as "the ratio of assessed value to current market value used generally in the county as last determined by the State Tax Equalization Board pursuant to the act of June 27, 1947, P.L. 1046, No. 447, referred to as the State Tax Equalization Board Law." Section 102 of the Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–102. The [STEB Act] mandates the STEB Board to calculate the average common level ratio of assessed to actual market value for each county on an annual basis, using data from all arms' length sales transactions during the relevant period, supplemented by independent appraisal data and other relevant information. The Assessments Law ["The Second Class A and Third Class County Assessment Law," Act of June 26, 1931, P.L. 1879, *as amended,* 72 P.S. §§ 5342–5350k [4]] further provides that if the predetermined ratio applied by the taxing authority varies by more than 15% from this STEB common level ratio, the court is mandated to apply the STEB common level ratio to the fair market value to calculate the assessed value of the property. 72 P.S. § 5350(a.1).

*Id.,* 719 A.2d at 818 (footnotes omitted).

■ The Court explained that this statutory scheme provides a complete mechanism for assuring uniformity within a taxing district. For situations like the present case, where the taxpayer contends that application of the predetermined ratio yields an assessed value that is out of proportion with the amounts paid generally in the district, the taxpayer's remedy is to seek to have the STEB ratio applied. The Court stated: "[T]here is a serious question whether the approach commonly used to mount a uniformity challenge prior to the 1982 amendments, that is to offer an expert to compute a common level ratio based upon tax records within the county, is any longer permissible in light of the current statutory mandate that the STEB common level ratio be used." *Id.,* 719 A.2d at 819 (footnote omitted).

■ Appellants contend that a violation of Article 8, Section 1 of the Pennsylvania Constitution may still be proven by showing a disparity between the assessed value of the property in question and the assessed value of similar properties of the same nature in the neighborhood. Relying upon *Brooks Building* and *Deitch Co.,* Appellants contend that they are not required to prove disparate treatment across the whole taxing district. Appellants misconstrue the Supreme Court's holdings in those cases. The procedure in *Brooks Building,* which involved producing evidence of the market values and assessments of similar properties in the neighborhood, illustrated but one method a taxpayer could follow to show lack of uniformity. *McKnight Shopping Center, Inc. v. Board of Property Assessment, Appeals and Review of the County of Allegheny,* 417 Pa. 234, 209 A.2d 389 (1965). Whatever method the taxpayer chose, the taxpayer was required to prove lack of

---

4. Similar language appears in Section 704(c) of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. § 5453.704(c).

uniformity in the whole taxing district. *Deitch Co.*[5] The General Assembly created a complete mechanism to ensure that the constitutional requirement of uniformity is upheld. *Hromisin.* By requiring the STEB to establish common level ratios, the General Assembly has obviated the danger of imposing an unfair burden upon taxpayers seeking to prove lack of uniformity. Appellants have not demonstrated that this statutory mechanism is unreasonable or otherwise violates any constitutional right.

Section 704(c) of The Fourth to Eighth Class County Assessment Law, 72 P.S. § 5453.704(c), provides clear directions to the trial court. It states:

> (c) The court, after determining the market value of the property pursuant to subsection (b)(1), shall then apply the established predetermined ratio to such value unless the corresponding common level ratio pursuant to subsection (b)(2) varies by more than fifteen per centum (15%) from the established predetermined ratio, in which case the board shall apply the respective common level ratio to the corresponding market value of the property.

Appellants did not contest the market value of the Property or the County's established predetermined ratio. *Compare Fosko v. Board of Assessment Appeals, Luzerne County,* 166 Pa.Cmwlth. 393, 646 A.2d 1275 (1994) (discussing a uniformity challenge where the taxpayer contested

market value and the established predetermined ratio). The County's established predetermined ratio does not vary by more than 15 percent from the corresponding common level ratio. Accordingly, the trial court was required by Section 704(c) to compute the Property's assessment by applying the County's established predetermined ratio to the Property's market value, which yields the assessment set by the County. Appellants' evidence regarding other properties in their neighborhood does not entitle them to an assessment less than that required by Section 704(c). To the extent that Appellants contest the accuracy of the common level ratio established by the STEB, Appellants were required to appeal the STEB's decision, which they did not do. Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 6th day of August, 2002, the order of the Court of Common Pleas of Monroe County is hereby affirmed.

---

**5.** The need for lack of uniformity to be based on the taxing district as a whole derives from the controlling principle arising from Article 8, Section 1: that a taxpayer should pay no more than his or her proportionate share of the cost of government. *Deitch Co.* This principle would not be served if taxpayers were entitled to have their assessments reduced to the lowest ratio of assessed value to actual value that they could identify in a pocket of the taxing district. *Id.* Such an approach would propagate the inequities caused by the continuous fluctuations of property values that make perfect uniformity impossible. *Hromisin.*