## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Downingtown Area School District | : |
| | : No. 2165 C.D. 2014 |
| v. | : Argued: October 5, 2015 |
| | : |
| Chester County Board of | : |
| Assessment Appeals | : |
| | : |
| v. | : |
| | : |
| LTK Associates, LP | : |
| | |
| Appeal of: LTK Associates LP | : |
| (Walgreen Eastern Co., Inc., tenant) | : |
| ("Walgreens") and SCP | : |
| 2001A-CSF-67 LLC (Lionville CVS, | : |
| Inc., tenant) ("CVS") | : |

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION
BY SENIOR JUDGE FRIEDMAN                  FILED: December 30, 2015


LTK Associates, LP (LTK) appeals from the October 29, 2014, order of the Court of Common Pleas of Chester County (trial court) that granted the appeal of Downingtown Area School District (District) and determined that the assessed value of property (Property) owned by LTK and leased to Walgreen Eastern Company, Inc. (Walgreens) (together, Taxpayers) was $4,273,606 for tax year 2013, $4,360,527 for tax year 2014, and $4,179,442 for tax year 2015. We affirm.

District appealed the Property's $1,839,760 assessment for tax year 2013 to the Chester County Board of Assessment Appeals (Board), which sustained the assessment. District appealed to the trial court, which conducted a *de novo* hearing.[1]

The Property is located at 200 Eagleview Boulevard in Chester County and consists of 2.66 acres of land, which is improved with a one-story, 14,280-square-foot building and a parking lot with 106 spaces. LTK constructed and owns all of the improvements on the Property. LTK developed the Property according to Walgreens' specifications. Since its construction in 2010, the building has been occupied by Walgreens pursuant to a long-term lease with an initial term of 25 years, and seven five-year options. Walgreens' lease for the initial 25-year term is $31.71 per square foot. The lease price is 58.5% above market value. Walgreens has no subtenants and thus no rental income. Walgreens is responsible for paying the real estate taxes for the Property. LTK's interest in the Property is a "leased fee."[2] Walgreens' interest is a "leasehold interest."[3]

---

[1] The trial court consolidated the appeal with *Downingtown Area School District v. Chester County Board of Assessment Appeals*, No. 2182 C.D. 2014. That case involves the valuation of a property occupied by CVS. The trial court issued separate decisions and determined that the property in that case was valued at $1,244,900 for tax year 2013, $1,336,440 for tax year 2014, and $1,336,440 for tax year 2015.

[2] A "leased fee" is "'[a]n ownership interest held by a landlord with the rights of use and occupancy transferred by the lease to others.'" *Tech One Associates v. Board of Property Assessment, Appeals and Review of Allegheny County*, 53 A.3d 685, 688 n.8 (Pa. 2012) (citation omitted).

[3] "A leasehold interest is '[t]he interest held by the lessee (the tenant or renter) through a lease transferring the rights of use and occupancy for a stated term under certain conditions.'" *Tech One*, 53 A.3d at 689 n.13 (citation omitted).

2

Taxpayers presented the testimony of appraiser Mark R. Shonberg, who testified as to the three appraisal methods: cost, income, and sales. As to the income approach, Shonberg testified that the best use of the Property is a retail store, compared Walgreens to a variety of retail properties, including dollar and goodwill stores, and concluded that market rent was $20 per square foot. Shonberg stated that LTK owns 100% of the Property and that if LTK put the Property on the market, it would be subject to Walgreens' lease and would be listed for $7,230,000. Shonberg further testified that the market value of the Property is decreased because Walgreens has a negative leasehold. Specifically, on an annual basis, Walgreens pays $179,232 more than market rent. Multiplying this figure by the remaining years left on the lease and discounting to present value, Shonberg concluded that the leasehold value under the income approach is negative $3,362,485. Adding the negative $3,362,485 leasehold interest to the $7,230,000 leased fee interest results in a rounded market value of $3,870,000.

District presented the testimony of appraiser Patrick F. Noone, who also testified as to the three appraisal methods. As to the income approach, Noone compared Walgreens' lease to nine retail drugstore properties, including retail drugstores leased to CVS and Rite Aid. The mean lease rate of the nine comparable drug stores was $35 per square foot in comparison to the subject lease rate of $31.71 per square foot. After calculations, Noone arrived at a value of $7,256,800. Noone did not consider Walgreens' leasehold interest.

The trial court determined that the income approach was the best method of calculating the actual value of the income-producing Property. The trial court

3

reasoned that in determining the value of the Property, it needed to consider both LTK's leased fee and Walgreens' leasehold interest. Shonberg testified that the value of the leased fee was $7,230,000 and Noone testified that it was $7,256,800. The trial court determined that the leased fee was $7,243,400, which is the difference between the two values.

As to the leasehold interest, the trial court concluded that in accordance with *In re Appeal of Marple Springfield Center, Inc.*, 607 A.2d 708, 710 (Pa. 1992), a long-term lease must be considered in establishing a property's market value because it is a factor that affects the price a purchaser is willing to pay for a property. Second, when a property generates income, the income approach is an appropriate method to use in ascertaining its value. *Id.* When applying that method, the contract rent received under the lease is the relevant income stream that is to be capitalized, even if it is below prevailing market rental sales. *Id.*

The trial court also cited *Tech One Associates v. Board of Property Assessment, Appeals and Review of Allegheny County,* 53 A.3d 685, 703 (Pa. 2012), wherein the Pennsylvania Supreme Court stated that the market value of the property as a whole, including the leased fee and leasehold interest, must be considered. In that case, Tech One owned the land. *Id.* at 686. The lessee owned the buildings and improvements on the property under a long-term lease. *Id.* at 687. The Supreme Court stated that the taxation of real estate is concerned with the nature of the property involved, not the means by which the property is owned. *Id.* at 699. Buildings and other improvements made to real estate owned under a lease are subject to taxation. *Id.* at 703.

4

Here, in determining Walgreens' leasehold interest, the trial court found that there was no sublease or income stream. (Trial Ct. Op., 10/30/14, at 13.) Therefore, the contract-rent portion of the leasehold question in *Tech One* does not exist and has zero value. (*Id.*) As to the "economic reality," the trial court observed that the Property is presently leased at above-market rates and has a "negative leasehold." (*Id.*) Because nobody would be interested in leasing at above-market rates, the trial court determined that the negative leasehold also had zero value. (*Id.*)

The trial court specifically rejected Taxpayers' argument, along with their expert's testimony that the trial court should assign a negative value to the leasehold interest and reduce the Property's value by that amount. The trial court concluded that Shonberg did not offer any legal support for his theory. Although Shonberg testified that he has utilized such an analysis in bankruptcy proceedings, the trial court noted that this was not a bankruptcy proceeding. This appeal followed.[4]

Preliminarily, Taxpayers state that similar properties must be assessed uniformly and "that a taxpayer should pay no more than his [or her] fair share of the cost of government." *Appeal of Chartiers Valley School District*, 447 A.2d 317, 322 (Pa. Cmwlth. 1982). Further, property is to be valued at its "actual value," which is "'the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property

---

[4] This court's review is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *Walnut-Twelve Associates v. Board of Revision of Taxes*, 570 A.2d 619, 622 (Pa. Cmwlth. 1990).

5

is adapted and might in reason be applied."' *F & M Schaeffer Brewing Company v. Lehigh County Board of Appeals*, 610 A.2d 1, 3 (Pa. 1992) (citation omitted).

Taxpayers claim that the trial court erred in concluding that the leasehold value is zero because the evidence established that the leasehold value is negative $3,362,485.  We disagree.

In a tax assessment appeal, the trial court proceeds *de novo*.  *Murtagh v. County of Berks*, 715 A.2d 548, 552 (Pa. Cmwlth. 1998).  Once the taxing authority admits its assessment into the record, it has made out a *prima facie* case; then the burden shifts to the party challenging the assessment to present sufficient, competent, and credible evidence to overcome the *prima facie* case.  *Deitch Company v. Board of Property Assessment*, 209 A.2d 397, 402 (Pa. 1965).

In arriving at the "actual value" of the land under section 402(a) of The General County Assessment Law,[5] all three appraisal methods, cost, income, and comparable sales, must be considered in conjunction with one another.  The trial court has the authority to determine which valuation method is the most appropriate and applicable to the property.  *Willow Valley Manor, Inc. v. Lancaster County Board of Assessment Appeals*, 810 A.2d 720, 723 (Pa. Cmwlth. 2002).

Here, Taxpayers argue that the leasehold interest must be determined by comparing the tenant's position under the lease to market rent.  Taxpayers contend that because Walgreens' contract rent is above-market, the leasehold is negative.

---

[5] Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-402(a).

6

Specifically, according to *The Appraisal of Real Estate* 441 (14th ed. 2013), "[t]he value of a leasehold estate may be positive, zero, or negative, depending on the relationship between market rent and contract rent . . . . The difference between the market rent and contract rent may be capitalized at an appropriate rate or discounted to present value to produce an indication of the leasehold value, if any . . . ." Here, Walgreens pays $31.71, which is above the market rent of $20. Walgreens is in an inferior position for what it pays to occupy the retail space. Walgreens maintains that the economic reality of the lease is that over the remaining 22 years, it will pay $3,362,485 more than other tenants in the market for similar space.

We conclude that the trial court correctly disregarded Taxpayers' negative leasehold interest calculation. In *Tech One,* Tech One owned the land and received contract rent from Terra Century Associates, which owned the buildings and improvements. *Id.* at 686-87. Terra Century also received rent from entities that leased the buildings. *Id.* at 701. To determine the fair market value of the property, the Pennsylvania Supreme Court held that it was necessary to value both the leased fee held by Tech One and the leasehold held by Terra Century. *Id.* at 703.

Here, LTK owns all of the Property, including the land, the buildings, and the surrounding improvements. Nonetheless, *Tech One* requires valuation of both the leased fee and the leasehold. As to the leased fee, Walgreens does not sublease the space and, therefore, receives no rent as in *Tech One*. Moreover, the economic reality of Walgreens' lease is that a willing buyer would pay $0 for the lease because no one would be interested in paying above-market rent. Although

7

Walgreens is paying above-market rent, there is no negative effect on the value of the Property. Accordingly, the trial court did not err.

Next, Taxpayers allege that the trial court's determination of fair market value violates the uniformity clause of the Pennsylvania Constitution. "[A]ll taxes must be uniform on the same class of subjects within the territorial limits of the authority levying the tax." *Deitch,* 209 A.2d at 400. Taxpayers argue that the fair market values assigned to Walgreens and CVS, a similar property, are unequal.[6] Specifically, the trial court assigned Walgreens a fair market value of $485 per square foot and assigned CVS a value of $217 per square foot. Taxpayers argue that the methodology used by its appraiser was uniform in application and result. As to both Walgreens and CVS, Taxpayers' appraiser gave the leasehold effect, whether it was a detriment that reduced the value of the property or whether it was an enhancement that increased the overall value of the property.

We agree with District, however, that comparison to a single property does not prove a lack of uniformity. *See Smith v. Carbon County Board of Assessment Appeals,* 10 A.3d 393, 407 (Pa. Cmwlth. 2010) ("[A] taxpayer is entitled only to have his assessment conform with the common level existing in the district, not with a small sample of properties being taxed at a lower than average level.").

The function of the trial court in a tax assessment matter is not to independently value the property, but to weigh the conflicting testimony and values

---

[6] Taxpayers allege that the buildings are similar in size, location, utility, and age and are within one mile of each other.

8

expressed by the experts and, based on the credibility of their opinions, arrive at a valuation. *Gilmour Properties v. Board of Assessment Appeals of Somerset County,* 873 A.2d 64, 66 n.3 (Pa. Cmwlth. 2005). The trial court did not abuse its discretion, commit an error of law, or render a decision unsupported by the law in determining the assessed value of Taxpayers' Property. Accordingly, we affirm.

_____

ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Downingtown Area School District :
           : No. 2165 C.D. 2014
     v.     :
           :
Chester County Board of   :
Assessment Appeals    :
           :
     v.     :
           :
LTK Associates, LP    :

Appeal of:  LTK Associates LP  :
(Walgreen Eastern Co.,  Inc., tenant) :
("Walgreens") and SCP    :
2001A-CSF-67 LLC (Lionville CVS, :
Inc., tenant) ("CVS")    :

# O R D E R

AND NOW, this 30th day of December, 2015, we hereby affirm the October 29, 2014, order of the Court of Common Pleas of Chester County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge