In Re: Appeal of Haven at Atwater :
Village LLC from the decision of the :
Chester County Board of Assessment :
Appeals, Municipality of East Whiteland:
Township, Chester County, PA for the :
Tax Year 2017 :
:
Tax Parcel No. 42-02-0008.03.A0 :
:
Appeal of: Haven at : No. 1185 C.D. 2020
Atwater Village, LLC : Argued: December 16, 2021


BEFORE: HONORABLE MARY HANNAH LEAVITT, Judge[1]
HONORABLE ANNE E. COVEY, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: January 14, 2022


Haven at Atwater Village, LLC (Haven) appeals from an order of the Court of Common Pleas of Chester County (trial court) rejecting Haven's tax assessment appeal. Upon review, we affirm the trial court's order.


**I. Background**

This matter is an appeal from a tax assessment for an apartment complex on real property owned by Haven in East Whiteland Township, Chester

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

County (Property). Reproduced Record (RR) at 6a. The parties stipulated to the fair market value (FMV) of the Property for each of the pertinent tax years, as well as to the common level ratio (CLR)[2] established by the State Tax Equalization Board (STEB)[3] for each year. RR at 9a. The sole issue raised by Haven is its assertion that the tax assessment ratio for the Property lacks uniformity with other apartment complex properties in Chester County, in violation of the Pennsylvania Constitution provision known as the Uniformity Clause.[4] *Id.* at 6a n.1.

Before the trial court, the Chester County Board of Assessment Appeals (Board) submitted evidence of its assessment of the Property. RR at 26a-29a &

---

[2] The common level ratio (CLR) is the ratio of a property's assessed value to its current fair market value (FMV). Section 102 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, added by the Act of December 28, 1955, P.L. 917, 72 P.S. § 5020-102; *Appeal of Sullivan*, 37 A.3d 1250, 1258 (Pa. Cmwlth. 2012). The CLR "is an accepted calculation of the common level existing in the [taxing] district and the standard against which the taxpayer's assessment ratio should be measured for uniformity purposes." *Sullivan*, 37 A.3d at 1255. As our Supreme Court has observed, "'the CLR is a useful tool for a taxpayer to demonstrate that his property has been over-assessed, as it allows him to compare the assessed-to-market value ratio of his property to the average ratio throughout the district.'" *Id.* at 1255-56 (quoting *Clifton v. Allegheny Cnty.*, 969 A.2d 1197, 1216 (Pa. 2009)).

[3] The State Tax Equalization Board (STEB) calculates each county's CLR pursuant to the Act of June 27, 1996, P.L. 403, *as amended*, added by the Act of April 18, 2013, P.L. 4, 71 P.S. §§ 1709.1500-1709.1521, referred to as the State Tax Equalization Board Law. *GM Berkshire Hills LLC v. Berks Cnty. Bd. of Assessment*, 257 A.3d 822, 825 (Pa. Cmwlth. 2021). "The CLR is calculated on an annual basis by [the] STEB for each county using data from all arms' length sales transactions during the relevant period, supplemented by independent appraisal data and other relevant information." *Smith v. Carbon Cnty. Bd. of Assessment Appeals*, 10 A.3d 393, 399 n.8 (Pa. Cmwlth. 2010) (citing *Clifton*; *Downingtown Area Sch. Dist. v. Chester Cnty. Bd. of Assessment Appeals*, 913 A.2d 194 (Pa. 2006) (*Downingtown I*)). "Under normal economic conditions, the CLR will decrease each year, reflecting ongoing inflation and an appreciation in real estate values." *Smith*, 10 A.3d at 399 n.8 (citing *Clifton*, 969 A.2d at 1216 (quoting *Downingtown I*, 913 A.2d at 203)).

[4] Article VIII, section 1 of the Pennsylvania Constitution, entitled "Uniformity of Taxation," provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." PA. CONST. art. VIII, § 1.

2

417a-68a. The Board also offered evidence of the applicable CLRs in Chester County for the tax years at issue, which were 53.0% for tax years 2017 and 2018, 53.1% for tax year 2019, 49.3% for tax year 2020, and 47.0% for tax year 2021. RR at 30a-31a.

Haven submitted fact evidence concerning a total of 14 apartment complexes in Chester County that were sold in the 5 years preceding the assessment of the Property, positing that the selling prices constituted the FMVs of those properties for tax assessment purposes. RR at 109a. Based on the tax assessment amounts for those properties, Haven's witness then used the sales price of each such property as its FMV to calculate a purported effective tax ratio for that property. *Id.* Haven asserted that among the sample properties, the highest ratio was 60.05%, the lowest was 21.86%, the average was 37.78%, and the median was 36.89%. *Id.* at 110a. Haven contended the average assessment ratio of the samples was lower than the CLR and, thus, lower than the ratio assessed for the Property. Accordingly, Haven contended it was entitled to a tax assessment ratio for the Property consistent with the average ratio applicable to the sample properties as calculated by its witness. *Id.*

After the trial concluded, the trial court upheld the assessments for the Property as calculated for the stipulated FMVs under the CLR as set by the STEB. RR at 6a-7a. The trial court held that Haven was entitled to an assessment that was in uniformity with all properties in Chester County generally, not with other apartment complexes. *Id.* at 6a n.1 ("all property within a taxing district is a single class and, as such, may not be treated in a disparate manner") (citing *Kennett Consol. Sch. Dist. v. Chester Cnty. Bd. of Assessment Appeals*, 228 A.3d 29, 36 (Pa. Cmwlth. 2020), *appeal dismissed*, 259 A.3d 890 (Pa. 2021)) & 10a ("'all property in a taxing

3

district is a single class, and, as a consequence, the Uniformity Clause does not permit the government, including taxing authorities, to treat different property sub-classifications in a disparate manner'") (quoting *Valley Forge Towers Apts. N., LP v. Upper Merion Area Sch. Dist.*, 163 A.3d 962, 975 (Pa. 2017)).

The trial court concluded further that, assuming the relevance of assessments of comparable apartment complexes in determining the countywide assessment ratio, Haven had failed to prove the Property's assessment was not in uniformity with those of the other apartment complexes in Chester County. RR at 6a n.1. In its opinion pursuant to Pa.R.A.P. 1925(a) following Haven's appeal to this Court, the trial court explained that it found the sample properties chosen as comparable by Haven were "far too skimpy" in number to give rise to an inference that all comparable apartment complexes in Chester County were assessed at lower ratios to their FMVs than the Property. *Id.* at 12a. While careful to point out that it was not implying, much less imposing, a requirement that Haven provide evidence of the ratio for every apartment complex in Chester County, the trial court nonetheless opined that "a far larger sample of those assessments would have had to be provided" than Haven submitted here.[5] *Id.* In the trial court's view, Haven should have at least provided evidence concerning "a sufficient number of the apartment complexes in the county such as to be statistically significant," but failed to do so. *Id.* at 13a. Ultimately, therefore, the trial court concluded that "the number of properties presented compared to all of the apartment complexes in the county was insufficient to permit us to draw the inference for which Haven argues." *Id.*

---

[5] Testimony at trial indicated Haven's witness looked at 14 of 189 apartment complexes in the county, those being properties sold within 5 years of the assessment date of the Property. RR at 109a.

Haven then appealed to this Court.[6]

## II. Issue

On appeal, although Haven lists several issues for review, they are all part of a single overarching argument. Haven contends the trial court erred by rejecting unrebutted evidence concerning the assessment ratio applied to comparable properties in the county. Haven offered fact testimony that, based on sales price, apartment complexes sold in Chester County in the three years preceding Haven's purchase of the Property were assessed on average at a lower ratio than the Property. Haven reasons that the trial court was required to accept that evidence as dispositive of Haven's assessment appeal. Haven characterizes the trial court's decision as a refusal to consider unrebutted, relevant, credible evidence.

## III. Discussion

As Haven acknowledges, a property assessment is normally calculated by applying the countywide CLR to the property's FMV. *See Deitch Co. v. Bd. of Prop. Assessment*, 209 A.2d 397, 403 (Pa. 1965), *superseded in part on other grounds as stated in Hess v. Montgomery Cnty. Bd. of Assessment Appeals*, 461 A.2d 333 (Pa. Cmwlth. 1983); *Hromisin v. Bd. of Assessment Appeals*, 719 A.2d 815, 818 (Pa. Cmwlth. 1998). However, Haven posits that the trial court erroneously treated that calculation as automatic and refused to consider Haven's relevant evidence that

---

[6] "This court's review is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence." *Downingtown Area Sch. Dist. v. Chester County Bd. of Assessment Appeals*, 131 A.3d 152, 156 n.4 (Pa. Cmwlth. 2015) (*Downingtown II*) (citing *Walnut-Twelve Assocs. v. Bd. of Revision of Taxes*, 570 A.2d 619, 622 (Pa. Cmwlth. 1990)).

5

similar properties in the County were, on average, taxed at a lower ratio than the Property. We discern no merit in this argument.

Our Supreme Court "has consistently interpreted the uniformity requirement of the Pennsylvania Constitution as requiring all real estate to be treated as a single class entitled to uniform treatment." *Clifton v. Allegheny Cnty.*, 969 A.2d 1197, 1212 (Pa. 2009) (citing *Westinghouse Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, 652 A.2d 1306, 1314 (Pa. 1995); *Keebler Co. v. Bd. of Revision of Taxes*, 436 A.2d 583, 584 (Pa. 1981); *Deitch*, 209 A.2d at 402; *McKnight Shopping Ctr., Inc. v. Bd. of Prop. Assessment, Appeals, & Rev.*, 209 A.2d 389, 392 (Pa. 1965)). Nonetheless,

> in [*Downingtown Area School District v. Chester County Board of Assessment Appeals*, 913 A.2d 194 (Pa. 2006) (*Downingtown I*)], [our Supreme Court] stated that the general uniformity requirement does not eliminate "any opportunity or need to consider meaningful sub-classifications as a component of the overall evaluation of uniform treatment in the application of the taxation scheme." *Id.* In so stating, however, [the] Court was primarily concerned with overall uniformity, and [the Court] reaffirmed "the prevailing requirement that similarly situated taxpayers should not be deliberately treated differently by taxing authorities." *Id.* at 201.

*Clifton*, 969 A.2d at 1213.

Relying on *Valley Forge Towers*, *Clifton*, and *Downingtown I*, Haven asserts that where a taxpayer offers unrebutted, relevant, and credible evidence that a tax assessment fails to comply with uniformity requirements, a court is required to grant relief. This is a correct statement of the law, as far as it goes. *See, e.g.*, *Valley Forge Towers*, 163 A.3d at 973 ("regardless of the CLR as calculated by the STEB, property owners may nonetheless be entitled to relief in a judicial or quasi-judicial

6

proceeding if they can show their parcels are over-assessed as compared to other, comparable properties"). However, it did not require the trial court to grant relief in this instance.

As this Court has explained, a tax assessment appeal includes shifting burdens of proof:

> In a tax assessment appeal, the trial court proceeds *de novo*. *Murtagh v. [Cnty.] of Berks*, 715 A.2d 548, 552 (Pa. Cmwlth. 1998). Once the taxing authority admits its assessment into the record, it has made out a *prima facie* case; then the burden shifts to the party challenging the assessment to present sufficient, competent, and credible evidence to overcome the *prima facie* case. *Deitch . . . ,* 209 A.2d [at] 402 . . . .

*Downingtown Area Sch. Dist. v. Chester Cnty. Bd. of Assessment Appeals*, 131 A.3d 152, 156 (Pa. Cmwlth. 2015) (*Downingtown II*); *see also In re Appeal of Brooks Bldg.*, 137 A.2d 273, 275 (Pa. 1958). "When a taxpayer fails to refute the presumed uniformity of a predetermined ratio by presenting credible, relevant and competent evidence to the contrary, the assessment of the taxing body must prevail." *Fosko v. Bd. of Assessment Appeals*, 646 A.2d 1275, 1279 (Pa. Cmwlth. 1994) (citing *Appeal of Chartiers Valley Sch. Dist.*, 447 A.2d 317 (Pa. Cmwlth. 1982), *appeal dismissed*, 456 A.2d 986 (Pa. 1983)).

Here, Chester County met its burden and set forth a *prima facie* case by placing in evidence its assessment of the Property. *See* RR at 26a-29a & 417a-68a; *Downingtown II*, 131 A.3d at 156. The ultimate burden of proof then shifted to Haven to demonstrate entitlement to tax relief. *Downingtown II*, 131 A.3d at 156.

We agree with Haven that the Township offered no evidence to rebut the testimony of Haven's fact witness concerning the sales prices of other apartment

complexes in Chester County during the three years before the sale of the Property. Similarly, there was no evidence to rebut Haven's calculation of the tax ratio that resulted from using the sales price of each apartment complex as its FMV. However, although Haven implies that it was automatically entitled to relief because the Township failed to offer rebuttal evidence, that is not an accurate statement of the law. A taxing district may choose not to present rebuttal evidence, although it does so at the risk that the factfinder will be persuaded by the taxpayer's evidence. *See Deitch*, 209 A.2d at 402 ("The taxing authority cannot . . . rely solely on its assessment record in the face of countervailing evidence *unless it is willing to run the risk of having the owner's proof believed by the court*.") (emphasis added). Thus, because Haven bore the ultimate burden of proof, the absence of rebuttal evidence was not dispositive. The trial court could still reject Haven's evidence.

We also agree with Haven that it was entitled to offer evidence of the ratios applied to comparable properties in Chester County; moreover, the sales prices of such properties during a reasonable period preceding the tax years at issue were relevant in determining the effective tax ratios applied to those properties as compared to the tax ratio assessed against the Property. *See Valley Forge Towers*, 163 A.3d at 974 ("The observation that these types of proofs are relevant was intended to maintain the longstanding protection of taxpayers from high assessment ratios as compared with those of comparable properties, and to promote harmony with equal protection principles . . . .").

Contrary to Haven's argument, however, evidence of disparate tax assessments in a small subset of properties does not automatically entitle a taxpayer to relief. As our Supreme Court explained in *Valley Forge Towers*:

8

> The observation that these types of proofs are relevant was intended to maintain the longstanding protection of taxpayers from high assessment ratios as compared with those of comparable properties, and to promote harmony with the equal protection principles, not as a means of empowering the government to systematically engage in disparate treatment of subclassifications of property.

*Id.* at 974.

It is true that, as this Court stated in *Baechtold v. Monroe County Board of Assessment Appeals*, 804 A.2d 713 (Pa. Cmwlth. 2002), producing evidence of the FMVs of similar properties and the related tax assessments is "one method a taxpayer could follow to show lack of uniformity." *Id.* at 717 (citing *McKnight Shopping Ctr.*; *Brooks Bldg.*). Nonetheless, the success of such a method in satisfying a taxpayer's burden of proof necessarily depends on the factual sufficiency of the taxpayer's evidence concerning the FMVs of the other properties,[7] their similarity to the property at issue, and the statistical significance of the samples chosen for comparison. *See, e.g.*, *Clifton*, 969 A.2d at 1214 ("in uniformity litigation, the aggrieved taxpayer must first establish the various valuations at issue, and then demonstrate how the disparate ratios of assessed-to-market value violate the uniformity requirement"). Thus, although relevant, evidence of the tax ratios applied to comparable properties in the area, based solely on the sales prices of those properties, did not automatically sustain Haven's burden of proving entitlement to a reassessment.

---

[7] For example, fact evidence of the sales prices of recently transferred properties did not necessarily suffice to prove those properties' FMVs. Haven chose not to offer expert testimony from an appraiser relating to various methods of estimating FMV including cost, income, and sales methods, all of which should be considered in a proper appraisal of FMV. *See Downingtown II*, 131 A.3d at 156 (citing *Willow Valley Manor, Inc. v. Lancaster Cnty. Bd. of Assessment Appeals*, 810 A.2d 720, 273 (Pa. Cmwlth. 2002)).

Ultimately, the key to uniformity of taxes in any taxing district is the districtwide average ratio. *Hromisin*, 719 A.2d at 819. Thus, the oft-repeated rule is that a taxpayer is not entitled to taxation at the lowest ratio to which it can point as applied to a comparable property, without proving that ratio to be the districtwide average. *See, e.g.*, *Smith v. Carbon Cnty. Bd. of Assessment Appeals*, 10 A.3d 393, 403 (Pa. Cmwlth. 2010); *Deitch*, 209 A.2d at 401 (citing *In re Rick Appeal*, 167 A.2d 261 (Pa. 1961)); *see also Baechtold*, 804 A.2d at 717 ("where the taxpayer contends that application of the predetermined ratio yields an assessed value that is out of proportion with the amounts paid generally in the district, the taxpayer's remedy is to seek to have the STEB ratio applied"). Any other rule would exacerbate, rather than lessen, any overall lack of uniformity among assessments in the taxing district. *Appeal of Sullivan*, 37 A.3d 1250, 1256 (Pa. Cmwlth. 2012) (quoting *Smith*, 10 A.3d at 405).

Haven mistakenly asserts that the trial court failed to consider Haven's evidence. To the contrary, the trial court did consider that evidence; it just did not find Haven's evidence persuasive. Haven conflates the relevance of its evidence with the persuasiveness of that evidence and, similarly, conflates the trial court's rejection of that evidence as unpersuasive with rejection of it as irrelevant. The trial court did not hold that Haven's evidence was irrelevant, but that it was insufficient.[8] Although Haven contends the trial court made no finding that the evidence was not credible, the trial court's opinion clearly and expressly stated that the court found Haven's evidence included too small a sampling of properties to carry its burden of

---

[8] Contrary to Haven's assertion, the trial court did not apply the same reasoning here that our Supreme Court rejected in *Downingtown I*, 913 A.2d at 198, in which the trial court deemed evidence of the FMVs of selected comparable properties irrelevant in a tax assessment appeal.

proof. RR at 12a-13a (Haven failed to present evidence concerning a "statistically significant" number of apartment complexes; "the number of properties presented compared to all of the apartment complexes in the county was insufficient to permit us to draw the inference for which Haven argues"); *see Downingtown II*, 131 A.3d at 157 ("'[A] taxpayer is entitled only to have his assessment conform with the common level existing in the district, not with a small sample of properties being taxed at a lower than average level.'") (quoting *Smith*, 10 A.3d at 407); *Hromisin*, 719 A.2d at 819-20 (flaw in taxpayers' analysis was "obvious" where their witness "relied upon only a handful of 'comparable' properties" in the same development and ignored the rest of the county).

As the finder of fact, the trial court had exclusive province to determine the credibility and weight of the evidence. *Sullivan*, 37 A.3d at 1256 (citing *Chartiers Valley Indus. & Commercial Dev. Auth. v. Allegheny Cnty.*, 963 A.2d 587, 593 (Pa. Cmwlth. 2008)). "This Court is prohibited from making contrary credibility determinations or reweighing the evidence in order to reach an opposite result." *Sullivan*, 37 A.3d at 1256. Consequently, on appeal, we will not disturb the trial court's determination that Haven's evidence here was insufficient.

## IV. Conclusion

Based on the foregoing discussion, the trial court's order is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Haven at Atwater : 
Village LLC from the decision of the : 
Chester County Board of Assessment : 
Appeals, Municipality of East Whiteland : 
Township, Chester County, PA for the : 
Tax Year 2017 : 
: 
Tax Parcel No. 42-02-0008.03.A0 : 
: 
Appeal of: Haven at : No. 1185 C.D. 2020
Atwater Village, LLC : 

# O R D E R

AND NOW, this 14th day of January, 2022, the order of the Court of Common Pleas of Chester County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge